PROSPER P. SHAW, Respondent, *vs.* CHARLES M. HENDERSON, Appellant.

APPEAL FROM THE DISTRICT COURT OF FILLMORE COUNTY.

Where, in an action to foreclose a mortgage, the question at issue is the priority of the mortgage held by Plaintiff, the Defendant has used reasonable diligence in preparing for trial, when he has procured an abstract of the title from the Register of Deeds of the county in which the real estate lies, by which abstract the mortgage of Defendant is a prior lien to that of Plaintiff.

And where parol evidence is admitted to show a record of a mortgage, different from that shown by the abstract and registry books, it may be such surprise, as would entitle a party to a new trial, if the party can produce evidence, showing the correctness of the abstract and registry.

Where a stipulation is entered into between the attorneys to submit a cause upon an affidavit and statement of the case furnished by the paper books, it is improper for either party to furnish other affidavits or papers, while the stipulation is in force, and without leave of the Court.

Points and Authorities for Appellant.

I.—The *time* of recording was the substance of the issue, and must be proved by the record alone. 1 *Greenleaf on Ev.*, sec. 60 *and cases cited*, .3., 63, 64, 69, 70, 479 *etc.*, 499 *etc.*, *and cases cited;* 1 *Starkie's Ev.*, 189 *etc.*, 383-84 *etc.*; *ib.*, 429, 430 *etc.*; 2 *ib.*, 48.

II.—The complaint charges no mistake in the record, but does allege a *correct record.* If the Respondent's mortgage is "duly recorded," the record must show it, and the *time* of recording must there appear. No mistake being alleged, or notice to the Appellant charged, the date shown by the record is conclusive. 1 *Story's Eq.*, sec. 165 *and cases cited;* 2 *Hilliard on Mortgages*, 416 *etc.*; *Pub. Stats.*, *p.* 156, sec. 23; *Rhoades, Trustee, vs. Canfield et al.*, 8 *Paige R.*, 546. The Appellant being an assignee in good faith, his lien cannot be postponed except by the record, or actual notice which would remove his claim of innocence. 1 *Story's Eq.*, 165 *and* 394 *to* 404; *Jackson vs. Van Valkenburg*, 8 *Cowen R.*, 260; 3 *Barb. R.*, 652; 4 *Kent. Com.*, 168 *etc.*

III.—The Court erred in admitting the evidence of the witness Harvey C. Marsh, (*see points and authorities* 1 *and* 2); 2 *Starkie's Ev.*, 705; 1 *G. & W on New Trials*, 237, *etc.*; 2 *ib.*, 645.

It is contended that the defects in the certificates endorsed on the mortgages, rendered a resort to other evidence necessary. If so, the reception book was the proper source of such further proof. (*Ante points* 1 *and* 2.) There was no ambiguity calling for explanation. 1 *Greenl. Ev.*, sec. 297, *etc.* The reception book was proper evidence under the pleadings. (*Ante points* 1 *and* 2.) The *time* of recording could not be proved by parol against an innocent purchaser. *Pub. Stats.*, *p.* 156, sec. 22; *Rev. Stats.*, *p.* 62, sec. 4; 1 *Starkey Ev.*, 185 ; *ante points* 1 *and* 2. The Respondent pleads the record and his proof must correspond.

IV.—The reception book was a record, or it was not. If a record, it was conclusive. If not a record, then the mortgages were not "duly recorded," and the want of a record could

not be supplied by parol as against an innocent adverse incumbrancer. The parol evidence could not explain the record; there was nothing needing explanation.

V.—The evidence does not justify the finding. It is impossible from the evidence admissible under the pleadings and before the Court, to arrive at a finding that the mortgage of Respondent is a prior lien. If a prior lien at all, it must be because of prior registry, which can be shown only by the record as against a simultaneous or subsequent conveyance in the hands of an assignee without actual notice. (*Ante points* 1 *and* 2.)

VI.—Appellant was surprised by the defects in the reception record. There was no negligence on the part of Appellant. 1 *G. & W. on New Trials,* 185; 3 *ib.,* 952-53, *etc.,* 962; *Boyce vs. Yoder,* 2 *J. J. Marsh. R.,* 515; 1 *ib.,* 96; 3 *A. K. Marsh. R.,* 81.

VII.—The newly discovered evidence is material, and is "*newly discovered.*"

Points and Authorities of Respondent.

I.—The times when the mortgages were received by the Register of Deeds, were the times when they were recorded. *Pub. Stat., p.* 157, *sec.* 22. The statute admits of the same construction as is expressed in act of March 16, 1838, passed by Legislature of Ohio. *Stats. of Ohio of* 1841, *p.* 268; *Gill vs. Fauntleroy,* 8 *B. Mon.,* 177.

II.—There was no record evidence of the times when the mortgages were received by the Register or recorded. The statute made the two reception books prescribed by act of March 7, 1857, (*Sess. Laws of* 1857, *p.* 8,) the only record evidence of such times.

The Register did not keep such books in his office. It was his duty to keep such books and make proper entries in them. The rights of mortgagees could not be affected by his omission to perform that duty. *Dodge vs. Potter,* 18 *Barb.,* 193; 1 *Greenleaf's Ev., sec.* 493.

III.—The Register's certificate endorsed on the Respondent's mortgage and on one of the Appellant's mortgages, sustained the allegations in the complaint. The certificates en-

dorsed on the other of the Appellant's mortgages showed patent upon its face an erasure. The numbers 1, 2 and 3 marked on the mortgages showed the order of their reception. Parol evidence was admissible, not only to supply the failure of record evidence, but also to explain the erasure and ambiguities on the certificates, and notings of the register.— *Spaulding vs. Scanlard*, 6 *B. Monroe*, 353; *Cook vs. Hall*, 1 *Gil.*, 575; *Miller vs. Estille*, 1 *Meigs*, 479; *Horsley vs. Garth*, 2 *Gratt.*, 471; 2 *Phil. Ev.* 314, 205; 1 *Greenleaf's Ev.*, sec. 564 to 568.

IV.—The Appellant admits and alleges in his pleadings that all the mortgages were recorded. He cannot object that such fact was not proved, nor can he insist that any of them shall be treated as unrecorded mortgages.

V.—Neither surprise nor ordinary prudence to guard against surprise were shown to the Court on motion for a new trial. 1 *Gra. & Wat. on New Trials*, 187 to 199.

VI.—It was not shown that new evidence had been discovered since the last trial; nor the belief of the affiant of the statements made by the witnesses; nor that reasonable diligence had been used to obtain it. *Gra. & Wat. on New Trials*, 462, 464, 469, 470, 474.

JONES & JONES, Counsel for Appellant.

HENRY C. BUTLER, Counsel for Respondent.

*By the Court*—ATWATER, J.—This was an action brought to foreclose a mortgage, executed by Brownell & Granger, in favor of one Marsh, and by him assigned to Plaintiff. The complaint states that the mortgage was duly recorded in the office of the register of deeds of Fillmore county, May 27th, 1858, at 2 o'clock P. M. The complaint also alleges that the said Granger and Lewis, on the same day, (May 25, 1858), executed two other mortgages in favor of said Marsh, which were also recorded on said 27th day of May, 1858, the one at 2 o'clock fifteen minutes, and the other at two o'clock twenty minutes P. M., which mortgages are alleged to have been assigned by said Marsh to the Defendant, Henderson. The

complaint contains the usual allegations, and prays for the usual decree of foreclosure of the mortgaged premises.

The Defendant, Henderson, answers, denying that the mortgage of the Plaintiff was recorded at two o'clock on the day named in the complaint, and avers that the same was not recorded until two o'clock and twenty minutes, and alleges that both his mortgages were recorded previous to that of the Plaintiff, to wit, the one at two o'clock and the other at two and a quarter P. M. of said 27th day of May, 1858, and claiming thereby a prior lien on the mortgaged premises to that of the Plaintiff. This was the principal issue tried in the action.

The cause was tried by the Court, a jury trial having been waived by the parties. The Court found that the mortgage of Plaintiff was recorded prior to those of Defendant, and that it was the first lien on the premises. The Defendant moved, upon various grounds for a new trial, which was denied, and Defendant appeals to this Court.

There were various exceptions taken on the trial to the admission of evidence, which we deem it unnecessary to notice, in the view taken by the Court of one of the grounds urged for a new trial. We refer to that of newly discovered evidence, and the facts presented in connection therewith. It appears by the affidavit presented on the motion for a new trial, in this behalf, that the attorney for the Defendant, a short time before the trial, "had procured an abstract of the record of all said mortgages to be made for Defendant, Henderson, in this action, by the Register of said county, by which it appeared that the mortgages owned by said Defendant were recorded in said registry prior to the recording of the mortgage owned by Plaintiff, and at the times stated in Defendant's answer.

"That said Defendant and his attorneys relied upon the said record as evidence to establish the facts aforesaid, and consequently they had not prepared to prove the time of recording said mortgages by any other evidence than said record.

"That said Defendant and his attorneys were greatly surprised at the defects apparent in said record, when the same was introduced in evidence on said trial, and the Court in con-

sequence thereof admitting parol evidence as to the time of filing said mortgage for record, and were not prepared to supply the place of said record evidence by other evidence which affiant is informed and believes can be produced upon the trial thereof, should a new trial be granted."

The affiant then goes on to state the facts which the Defendant expects to prove in regard to the recording of the mortgages, by Grove W. and Grove M. Willis, who were acting as Register and Deputy Register of Deeds of Fillmore county, at the time these mortgages were recorded, and who are alleged to have been present at the time of such record, and by whom they were filed. It is also stated, that at the time of the trial, neither of said witnesses resided in this State.

It may be proper to state in explanation, with regard to this newly discovered evidence, that the Plaintiff on the trial of the cause, introduced in evidence the "reception book" kept by the Register of deeds in the Register's office of Fillmore county, from which it appeared that one of Defendant's mortgages was recorded at two and the other at two o'clock and fifteen minutes, and that the Plaintiff's mortgage was recorded at two o'clock and twenty minutes. This reception book it appeared, was not kept in alphabetical order, as required by law, but was kept in the order in which the instruments purported to be received for record.

The Plaintiff then offered as a witness, Harvey C. Marsh, one of the Defendants, and the mortgagee named in the three mortgages. The three mortgages were then shown to the witness, who stated that he had these mortgages in his possession after they were recorded. He was then asked, "Were the certificates of the recording thereof endorsed on these mortgages the same when you then saw them as they appear now?" This question was objected to by Defendant's counsel, but admitted by the Court, and the witness answered, "The certificates were the same except that the one on one of the mortgages now owned by Defendant, Henderson, marked "2 o'clock P. M.," was then marked "2:20 o'clock P. M."

One of the grounds for a new trial, is "surprise which ordinary prudence could not have guarded against." We think

this ground well taken, and considered in connection with the newly discovered evidence, should entitle the Defendant to a new trial. By *Sec.* 29, *p.* 158, *Comp. Stat.*, it is made the duty of every Register of deeds to give a perfect and full abstract of title of real estate property recorded in their respective county, to any person calling for the same, with his certificate, under seal, &c.   Where priority of title is an issue upon the trial of the cause, we think a party has used reasonable diligence in preparation for trial, who has procured a certified abstract of title from the proper office, which abstract shows him entitled to priority.   He may properly rely upon the correctness of the abstract, as well as that of the registry books from which the same. is taken, since it is the sworn duty of an officer of the law to see that both are in such form that they may be relied upon.   It is true that the obtaining of such abstract is not the highest degree of diligence that could have been used, but that is not required in this case ; and unless it appears that the party has neglected other means at his command for ascertaining the true state of his title, we do not think he should be prejudiced by an error of the Register in his entries, first discovered upon the trial of the cause.   If the Defendant can show that in fact his mortgage was entered first of record, he should, in the peculiar circumstances of the case, have another opportunity of doing so.

There is another error disclosed by the record, which was committed by the Court below, upon the hearing of the motion for a new trial, or at least by the Plaintiff's attorney. There was a stipulation entered into by the attorneys for the respective parties, that the motion for a new trial should be heard upon the affidavit of Richard A. Jones, and the statement of the case furnished by the paper books, at Chambers, before the Hon. Thomas Wilson, at Winona, on the 10th day of December, 1861, upon written arguments to be made by attorneys for the parties.   But the paper books disclose an affidavit made by H. C. Butler, Esq., Plaintiff's attorney, bearing the same date as the stipulation, stating certain information that he had communicated to the attorneys of the Defendant, Henderson, about the time issue was joined with

reference to the defects in the records, and that he should offer parol evidence in regard thereto. The stipulation formed a valid and binding agreement, which neither party could disregard, so long as the same continued in force. *Bingham vs. Supervisors of Winona Co.; Warden vs. Dunnell et als., decided Dec. term,* 1861.

A new trial must be granted, and the cause remanded to the Court below.